PER CURIAM.
The Supreme Court of Florida, in accordance with Amendments to the Florida Family Law Rules of Procedure and Family Law Forms, 810 So.2d 1, 14 (Fla.2000), hereby adopts new and amended Florida Supreme Court Approved Family Law Forms addressing domestic violence, repeat violence and dating violence. The changes are necessary to comport with recent legislative changes. We have jurisdiction. See art. V, § 2(a), Fla. Const.
During the 2002 session, the Legislature amended the definition of “domestic violence” set forth in section 741.28, Florida Statutes (2001). See ch.2002-55, § 9, at 790, Laws of Fla. The Legislature also amended section 741.30, Florida Statutes (2001), to require that all domestic violence proceedings be recorded. See ch.2002-55, § 13, at 798, Laws of Fla. The Legislature further amended section 741.31, Florida Statutes (2001), to provide additional conduct that will violate an injunction for domestic violence. See ch.2002-55, § 14, at 799, Laws of Fla. Finally, the Legislature amended the definition of “violence” under section 784.046, Florida Statutes (2001), and created a cause of action for dating violence under this statute. See ch.2002-55, § 21, at 803, Laws of Fla.
Input on this issue was sought and received from the Advisory Workgroup on The Florida Supreme Court Approved Family Law Forms, which provided valuable assistance as to which additional forms were needed and which forms required amendment as a result of the new legislation. The Workgroup assisted the Court significantly in the drafting of the forms.
To comport with the 2002 statutory changes, we proposed amending Florida Supreme Court Approved Family Law Forms 12.980(a)-(n), where applicable, to (1) reflect the statutory change to the definitions of “domestic violence” and “violence”; (2) address the mandatory recording of domestic violence proceedings; (3) include additional conduct that will violate an injunction for protection against domestic violence; and (4) include the new cause of action for dating violence. We also proposed new Florida Supreme Court Approved Family Law Forms 12.980(o), Petition for Injunction for Protection Against Dating Violence; 12.980(p), Temporary Injunction for Protection Against Dating Vio *1004 lence; and 12.980(q), Final Judgment of Injunction for Protection Against Dating Violence. Finally, we proposed new form 12.980(r), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic Violence, Repeat Violence or Dating Violence, for reporting a violation of an injunction, as well as new form 12.980(s), Order to Show Cause, to be used in conjunction with new form 12.980(r).
A summary of the proposed amendments was published in the December 15, 2002, edition of The Florida Bar News. Five comments were received.[1]
ANALYSIS
We have carefully reviewed and considered each of the comments filed and have decided to make various amendments to our proposals in response to the comments received.[2] We do not attempt to address every proposal and every comment received; rather, we focus our attention on the comments that have resulted in a modification to the forms. In doing so, we continue to emphasize the importance of simplicity and uniformity in the mandatory injunction forms.
We agree with Judge Vitale and administrator Genung that the instructions to form 12.980(b), Petition for Injunction for Protection Against Domestic Violence, should include the ten statutory factors that a judge may consider when determining whether a petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence. See § 741.30(6)(b), Fla. Stat. (2002).[3] We also agree with Judge Vitale and administrator Genung that Section III. 2. of form 12.980(b) should be made consistent with Section III. 1. of the form. Section III. 1. requires the petitioner to *1005 state whether he or she has ever received or tried to obtain an injunction for protection against domestic violence against the respondent “in this or any other court.” We agree that adding the phrase “in this or any other court” will make Section III. 2. consistent with Section III. I.[4]
Chief Judge Demers correctly notes that the statutory changes to section 741.30(6)(h), Florida Statutes (2001), require recording of domestic violence proceedings, but do not require recording of repeat and dating violence proceedings. See ch.2002-55, § 13, at 798, Laws of Fla. Accordingly, we have amended form 12.980(c)(1), Order Setting Hearing on Petition, to reflect that only domestic violence hearings are required to be recorded, and that the recording of repeat and dating violence hearings is optional.
We also adopt Chief Judge Demers’ suggestion that forms 12.980(d)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), and 12.980(d)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren), be amended to clarify that the court has jurisdiction over the respondent upon service of the temporary injunction.[5]
Chief Judge Demers also suggests that form 12.980(g), Petition for Injunction for Protection Against Repeat Violence, be amended to eliminate the opportunity for the petitioner to indicate whether the minor child for whom the petitioner is seeking the injunction resides at home. When a petition is filed on behalf of a minor child, the minor child must live at the home of the parent or legal guardian in order for the parent or legal guardian to have standing as the petitioner. See § 784.046(2)(a), Fla. Stat. (2002). We agree with Chief Judge Demers and amend the form to provide that “Petitioner is the parent or legal guardian of_, a minor child who is living at home.”[6]
We agree with Judge Vitale and administrator Genung that the instructions to form 12.980(h), Supplemental Affidavit in Support of Petition, should be amended to include the statutory language that dating violence “does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context.” Ch.2002-55, § 21, at 803, Laws of Fla.
We further adopt Chief Judge Demers’ suggestion that form 12.980(o), Petition for Injunction Against Dating Violence, be amended to include the petitioner’s birth date and the address of the respondent’s parent or guardian if the respondent is a minor. Finally, pursuant to suggestions made by Chief Judge Demers, Judge Vi-tale and administrator Genung, we have amended form 12.980(o) to (1) require the petitioner to list other domestic violence and repeat violence injunctions that the petitioner has sought or obtained against the respondent, and (2) afford the petitioner the option to request that the injunction prohibit the respondent from knowingly and intentionally coming within 100 feet of petitioner’s automobile.[7]
*1006 Accordingly, we hereby amend the Florida Supreme Court Approved Family Law Forms as set forth in the appendix to this opinion, effective for immediate use. By adoption of these forms, we express no opinion as to their correctness or applicability, or on the substance of the new legislation. This opinion and the forms discussed herein may be accessed and downloaded from this Court’s website at www.flcourts.org.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), AFFIDAVIT AND MOTION FOR WAIVER OF FEES FOR PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE OR DATING VIOLENCE
When should this form be used?
If you need to file a petition for an injunction for protection against repeat violence or dating violence and you do not have enough money to pay filing fees to the clerk of the circuit court or service fees to the sheriff, you may use this form to request that the fees be waived. Later, the court will decide who, if anyone, should pay those fees.
This form should be typed or printed in black ink. You should complete the first section of this form, and sign it in front of a notary public or deputy clerk. You should then file the original of this form with your petition for injunction for protection. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
A copy of this form must be mailed, faxed and mailed, or hand delivered to the respondent in your case.
Special notes ...
With this form you will also need to file the following:
• Family Law Financial Affidavit, % □ Florida Family Law Rules of Procedure Form 12.902(b) or (c).
[[Image here]]
*1007 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(b), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner’s family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all rele *1008 vant factors alleged in the petition, including, but not limited to the following:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner’s child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your children) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(g), to determine if your situation will qualify for an injunction for protection against repeat violence, or Petition for Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(o), to determine if your situation will qualify for an injunction for protection against dating violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), *1009 ^ □ Florida Supreme Court Approved Family Law Form 12.980(d)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. The temporary injunction gives a date that you should appear in court for a hearing. At that hearing, you -will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice), □ Florida Supreme Court Approved Family Law Form 12.980(e)(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence, ^ □ Florida Family Law Form 12.980(h); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
Special notes ...
With this form you may also need to file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, □ Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are *1010 asking the court to determine issues of temporary custody or visitation with regards to a minor child(ren).
• Notice of Social Security Number, % □ Florida Supreme Court Approved Family Law Form 12.902®, must be completed and filed if you are asking the court to determine issues of temporary child support.
• Family Law Financial Affidavit, ^ □ Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
• Child Support Guidelines Worksheet, %> □ Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner’s Request for Confidential Filing of Address, ^ □ Florida Supreme Court Approved Family Law Form 12.980(i), and file it with the clerk of the circuit court and write “confidential” in the space provided on the petition.
[[Image here]]
*1011 [[Image here]]
*1012 [[Image here]]
*1013 [[Image here]]
*1014 [[Image here]]
*1015 [[Image here]]
*1016 [[Image here]]
*1017 [[Image here]]
*1018 [[Image here]]
*1019 [[Image here]]
*1020 [[Image here]]
*1021 [[Image here]]
*1022 [[Image here]]
*1023 [[Image here]]
*1024 [[Image here]]
*1025 [[Image here]]
*1026 [[Image here]]
*1027 [[Image here]]
*1028 [[Image here]]
*1029 [[Image here]]
*1030 [[Image here]]
*1031 [[Image here]]
*1032 [[Image here]]
*1033 [[Image here]]
*1034 [[Image here]]
*1035 [[Image here]]
*1036 [[Image here]]
*1037 [[Image here]]
*1038 [[Image here]]
*1039 [[Image here]]
*1040 [[Image here]]
*1041 [[Image here]]
*1042 [[Image here]]
*1043 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(g), PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE '
When should this form be used?
If you or a member of your immediate family are a victim of repeat violence, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that two incidents of violence have been committed against you or a member of your immediate family by another person, one of which must have been within 6 months of filing this petition. Repeat violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(b), rather than this form.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an immediate and present danger of repeat violence to you or that family exists, the judge will sign a Temporary Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(i). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a *1044 good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Repeat Violence (After Notice), □ Florida Supreme Court Approved Family Law Form 12.980(m), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, % □ Florida Supreme Court Approved Family Law Form 12.980(h); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see section 784.046, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
[[Image here]]
*1045 [[Image here]]
*1046 [[Image here]]
*1047 [[Image here]]
*1048 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(h), SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT OR DATING VIOLENCE
When should this form be used?
You may use this form if your Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(b), or your Petition for Injunction for Protection Against Repeat Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(g), or your Petition for Injunction for Protection Against Dating Violence, %>> □ Florida Supreme Court Approved Family Law Form 12.980(o), was denied by the judge. You should use this supplemental affidavit to add facts or clarify the facts you wrote in your original petition. For a domestic violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent. For a repeat violence case, you should include FACTS that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred within the last six months and that there is an immediate and present risk of danger to you or a member of your immediate family. For a dating violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent who is an individual with whom you have or have had a continuing and significant relationship of a romantic or intimate nature, to be determined by consideration of such facts as the dating relationship existed within the past six months, the nature of the relationship included an expectation of affection or sexual involvement and the frequency and type of interaction between you and the individual included involvement over time and on a continued basis. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records.
What should I do next?
After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your “Amended Petition.”
[[Image here]]
*1049 [[Image here]]
*1050 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980®, PETITIONER’S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
When should this form be used?
If you are the petitioner in a petition for injunction for protection against domestic violence action and you fear that disclosing your address to the respondent would put you in danger, you should complete this form and file it with the clerk of the circuit court.
You cannot use this form in a petition for injunction for protection against repeat or dating violence action.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
[[Image here]]
*1051 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(j), MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE OR DATING VIOLENCE
When should this form be used?
If you are the petitioner on a previously entered injunction for protection against domestic violence, repeat violence or dating violence and that injunction will soon expire, you may use this form to request that the court extend the injunction. You must file a motion for extension BEFORE the previously entered order expires.
This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), % □ Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, % □ Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at the hearing on your motion. After the hearing, if the judge grants your motion, he or she will prepare an Order Extending Injunction for Protection Against Domestic Violence, Repeat Violence or Dating Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(n). After the judge signs the order, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the previously *1052 entered injunction AND a certified copy of the order extending that injunction with you at all times.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic or repeat violence forms and will answer any question that you may have.
Special notes ...
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), if your petition is for protection against domestic violence and you wish to keep your address confidential.
• When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.
[[Image here]]
*1053 [[Image here]]
*1054 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.98000, MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE OR DATING VIOLENCE
When should this form be used?
This form may be used if you are a party to a previously entered injunction for protection against domestic violence, repeat violence or dating violence and you want the court to modify the terms of the injunction. If you use this form, you are called the moving party.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records. You must file a motion for modification before the previously entered order expires. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), % D Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion. This is a technical area of the law; if you *1055 have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, % □ Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at a hearing on your motion for modification of injunction. After the hearing, if the judge grants your motion, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the new injunction with you at all times!
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat or dating violence forms and will answer any question that you may have.
Special notes ...
If the injunction you are seeking to modify is for domestic violence and you want the court to modify alimony, custody of a minor child(ren), or child support, you must establish that there has been a change in circumstance(s), as required by chapters 61 Florida Statutes, or 741 Florida Statutes, as applicable, that requires this (these) modification(s). Be sure that you make these change(s) clear in your motion.
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), if your petition is for domestic violence and you wish to keep your address confidential.
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, % □ Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and attached if the modification(s) you are seeking involves temporary custody of any minor child(ren).
• Family Law Financial Affidavit, % □ Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and attached if the modification(s) you are seeking involves temporary alimony or temporary child support.
• When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.
[[Image here]]
*1056 [[Image here]]
*1057 [[Image here]]
*1058 [[Image here]]
*1059 [[Image here]]
*1060 [[Image here]]
*1061 [[Image here]]
*1062 [[Image here]]
*1063 [[Image here]]
*1064 [[Image here]]
*1065 [[Image here]]
*1066 [[Image here]]
*1067 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(o), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE
When should this form be used?
If you or a member of your immediate family are a victim of dating violence, you can use this form to ask the court for a protective order prohibiting dating violence. Dating violence means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. The dating relationship must have existed within the past six months, the nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties, and the frequency and type of interaction must have included that the persons have been involved over time and on a continuous basis during the course of the relationship. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context. Dating violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kid-naping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek, an injunction for protection against dating violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your children), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(b), rather than this form.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of dating violence and that an immediate and present danger of dating violence to you or that family exists, the judge will sign a Temporary Injunction for Protection Against Dating Violence, Florida Supreme Court Approved Family Law Form 12.980(p). A temporary injunction *1068 is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Dating Violence (After Notice), % □ Florida Supreme Court Approved Family Law Form 12.980(q), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of dating violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(h); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see section 784.046, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
[[Image here]]
*1069 [[Image here]]
*1070 [[Image here]]
*1071 [[Image here]]
*1072 [[Image here]]
*1073 [[Image here]]
*1074 [[Image here]]
*1075 [[Image here]]
*1076 [[Image here]]
*1077 [[Image here]]
*1078 [[Image here]]
*1079 [[Image here]]
*1080 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(r), PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE OR DATING VIOLENCE
When should this form be used?
You may use this form if you have a valid Final Judgment of Injunction for Protection Against Domestic Violence, Repeat Violence or Dating Violence in force which has been violated. You should use this affidavit to state the essential facts which establish a violation of the Final Judgment of Injunction.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with such clerk or judge as determined by the chief judge of your circuit to be the recipient of affidavits of violation, provide a copy to the state attorney of that circuit and keep a copy for your records.
[[Image here]]
*1081 [[Image here]]
*1082 [[Image here]]
*1083 [[Image here]]

. Comments were filed by Judge David A. Demers, Chief Judge of the Sixth Judicial Circuit Court; Judge Linda L. Vitale, Administrative Judge of the Seventeenth Judicial Circuit Court, and Thomas A. Genung, Family Court Administrator of the Seventeenth Judicial Circuit; Blaise Trettis, executive assistant public defender for the Eighteenth Judicial Circuit; Dorothy K. Burk, Senior Assistant General Counsel for the Orange County Sheriff's Office; and Amanda N. Smith, Domestic Violence Unit Supervisor of the Collier County Domestic Violence Unit of the Twentieth Judicial Circuit.

. Although several of the comments address only specified forms, we have concluded that certain suggestions are applicable to other forms and have, therefore, amended those forms accordingly. These additional amendments are noted where appropriate.

. The ten factors set forth in section 741.30(6)(b) are:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner’s child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal properly, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.

. We approve similar amendments to forms 12.980(g), Petition for Injunction for Protection Against Repeat Violence, and 12.980(o), Petition for Injunction Against Dating Violence, as well.

. We approve the proposed changes to forms 12.980(Z). Temporary Injunction for Protection Against Repeat Violence, and 12.980(p), Temporary Injunction for Protection Against Dating Violence, as well.

. We approve this amendment to form 12.980(o), Petition for Injunction Against Dating Violence, as well.

. Because these suggestions are applicable to form 12.980(g), we amend that form as well.